IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL V. AMBROSE,

    Plaintiff,

  v.

TRAIN COLLECTORS ASSOCIATION and
EASTERN DIVISION - T.C.A.,

    Defendants/Third Party Plaintiffs,

  v.

KRAUSE PUBLICATIONS and DAVID
DOYLE,

    Third Party Defendants.

07cv1248
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION ON DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT RELATING TO KRAUSE SETTLEMENT AGREEMENT (DOC. NO. 84)
AND MOTION BY THIRD PARTY DEFENDANT KRAUSE PUBLICATIONS
FOR PARTIAL SUMMARY JUDGMENT (DOC. NO 82)**

### A. Background

This is a copyright infringement action. In an earlier and related case before this Court (07cv0873), plaintiff Paul V. Ambrose ("Ambrose") brought suit against Paul Doyle (the author) and Krause Publications (the publisher) for publishing a catalog of Lionel toy train sets which allegedly infringed copyrighted materials previously written by plaintiff. On November 28, 2007, the parties entered into a Confidential Settlement Agreement and Mutual Release ("Settlement Agreement") in the underlying case.[1] Despite the language of the Settlement

---

[1] Although the Settlement Agreement is marked confidential, the Court notes that the parties settled the underlying dispute for a significant amount of money.

Agreement, which is set forth below, plaintiff brought the instant suit against Train Collectors Association and Eastern Division T.C.A., a distributor, who then joined Krause Publications and Doyle. The matter presently before this Court is relatively straightforward - - whether the language of the Settlement Agreement in the earlier and related case bars this action. After careful consideration, and for the reasons that follow, this Court finds that the language of the Settlement Agreement bars the instant suit and therefore, the Court will grant summary judgment in favor of defendants and against plaintiff.

### B. <u>Standard of Review</u>

Summary judgment under Fed. R. Civ. P. 56(c) is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Woodside v. School Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), *quoting Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001) (citations omitted). In deciding a summary judgment motion, the court must "view the evidence . . . through the prism of the substantive evidentiary burden" to determine "whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of the evidence required by the governing law or that he did not." *Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' -- that is, pointing out to the District Court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477

U.S. 317, 325 (1986). If the moving party has carried this burden, the burden shifts to the non-moving party who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993). Thus the non-moving party cannot rest on the pleadings, but instead must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), and cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (*citing Celotex*, 477 U.S. at 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n. 1 (3d Cir. 1994).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)." *Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004.) *See also Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001) (court must view facts in the light most favorable, draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party ).

### C. Applicable Law

A settlement agreement is a contract that must be interpreted and enforced in accordance

with the principles of contract law. *Enterprise Energy Corp. v. United States (In re Columbia Gas Sys., Inc),* 50 F.3d 233, 238 (3d Cir. 1995). When the parties reduce their agreement to writing, as here, the intent of the parties can be ascertained by examining the writing. *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 613 (3d Cir. 1995). If the words of the contract are clear and unambiguous, the intent of the parties may be determined without extrinsic or parole evidence. *Mellon Bank, N.A. v. Aetna Business Credit, Inc.,* 619 F.2d 1001, 1010 n. 9 (3d Cir. 1980). The construction and legal effect of an unambiguous writing is a legal question, not a factual question, and therefore, is appropriate for summary judgment. *Stradling v. Southland Corp.,* 924 F.Supp. 38, 40 (M.D. Pa. 1996). After examining the clauses of the disputed Settlement Agreement, which both parties willingly signed (with the advice of counsel),[2] the Court finds that the language of the Settlement Agreement clearly and unambiguously bars this action as a matter of law.

### D. Settlement Agreement in Earlier Case (07cv0873)

The Settlement Agreement provides in paragraphs 9, 10, 11 and 12 as follows:

9. This Settlement Agreement is intended to fully and completely settle all claims and disputes between the Parties concerning the Krause Publications Book, the Class 1, Class 2, and Class 3 Books, and the Litigation. Accordingly, Plaintiff/Counterclaim Defendants shall not, nor shall any of them, institute or participate in, or assist any other (either directly or indirectly) to institute or maintain any action in any court or tribunal or before any trade or professional association against Krause or its parent or affiliates (<u>or against any other party if that claim might foreseeable lead to a claim for indemnification against Krause or its parent</u>

---

[2]In fact, paragraph 22 of the Agreement states that "Each of the Parties to this Settlement Agreement represents and warrants that each Party has read this Settlement Agreement, <u>has reviewed it with their legal counsel</u>, and that they fully understand the terms of this Settlement Agreement and the consequences thereof and agree to be bound by the terms of the Settlement Agreement." (Emphasis added.)

or affiliates) asserting any claim involving any work published by Krause or any other work derived therefrom. (Emphasis added.) Nor shall Plaintiff/Counterclaim Defendants, nor any of them, (either directly or indirectly) interfere with or attempt to disrupt, whether directly or indirectly, any marketing or promotional effort or event not prohibited by this Settlement Agreement.

10. Further, Plaintiff/Counterclaim Defendants shall not, nor shall any of them (either directly or indirectly) institute or participate in, or assist any other to institute or maintain any action in any court or tribunal or before any trade or professional association against any distributors, booksellers, retailers, auction houses, or other sources asserting any claim involving any work published by Krause or any other work derived therefrom. (Emphasis added.)

11. Notwithstanding the provisions of Sections 9 and 10, nothing set forth herein shall limit Plaintiff/Counterclaim Defendants from seeking redress against David Doyle in the Litigation or relief from the Train Collectors Association and the Eastern Division – T.C.A. in the related civil action Case No. 07-1248; provided, however, that Plaintiff/Counterclaim Defendants shall not seek to collect from the Train Collectors Association or the Eastern Division – T.C.A. any judgment on such claims if collection of such judgment or part thereof might foreseeably lead to a claim for indemnification against Krause or its parent or affiliates and in settlement of any such claims. Plaintiff/Counterclaim Defendants agree to require, in any settlement with the Train Collectors Association or the Eastern Division – T.C.A., that the settling party or parties agree not to seek indemnity from Krause or its parent or affiliates. (Emphasis added.)[3]

12. Ambrose (on behalf of himself and his heirs, administrators, executors, agents, attorneys, representatives, successors, and assigns) and ABT (on behalf of itself and its partners, employees, agents, attorneys, representatives, successors, and assigns) do hereby forever release, acquit, and discharge Krause and its parent, divisions, affiliates, shareholders, directors, officers, employees, agents, attorneys, representatives, insurers, successors, assigns, licensees, distributors, customers, independent

---

[3]Plaintiff alleges there was no "meeting of the minds" on this provision and that the issue of whether the Settlement Agreement as a whole is valid and enforceable is an issue before the United States Court of Appeals for the Third Circuit. This Court previously denied plaintiff's motion to void the Settlement Agreement (07-873 at doc. nos. 102 and 104) and therefore is estopped from relitigating an issue on which there was a final judgment on the merits in a prior action. *Greenway Ctr., Inc. v. Essex Ins. Company*, 475 F.3d 139, 147 (3d Cir. 2007).

> contractors, and sub-contractors (including all of the former as well as all of the current of the foregoing) from any and all claims, demands, actions, liabilities, losses, damages, costs, litigation expenses, attorneys' fees, whether arising out of contract, tort, statute, or otherwise, in law or in equity, whether known or unknown, suspected or unsuspected, which Ambrose or ABT may now have, or have ever had, arising from, connected with, or in any way growing out of, directly or indirectly, the Krause Publications Book, the Class 1, Class 2, and Class 3 Books, the Litigation, the Claims, or those claims asserted in or which could have been asserted in the Litigation.

In addition to containing a very broad release, the Settlement Agreement terms provide Krause protection from any indemnification claim from any other party relating to Krause's conduct, so that plaintiff would not receive "double" recovery from Krause for the same conduct. Critically, plaintiff agreed not to seek "relief" from Train Collectors Association and the Eastern Division of T.C.A. ("TCA") "if the collection of [any] judgment [against TCA] might forseeably lead to a claim for indemnification against Krause . . . ." Id. at para. 11.

### E. Instant Action (07cv1248) - - TCA Motion for Summary Judgment

In a separate action arising out of the same fact pattern (07cv1248), Ambrose sued TCA who joined Krause as a third party defendant under several theories, including indemnification. TCA argues that the broad and clear release language of the Settlement Agreement between plaintiff and Krause bars the TCA action. See paragraphs 11 and 12 of the Settlement Agreement. This Court agrees.

Essentially, any liability of TCA must flow through and from the "released" conduct of Krause (relating to the Doyle catalog). Further, TCA also is one of the intended beneficiaries of the Settlement Agreement since TCA is a "customer" or distributor of Krause. See paragraph 12. Thus, said release bars this action.

Additionally, paragraphs 9 and 10 bar this action by Ambrose against TCA since obviously TCA would join Krause in this action as a third-party defendant, which in fact occurred. Specifically, (a) Ambrose is prohibited from filing, or assisting any party in filing, an action against Krause or against any party "if the claim might foreseeably lead to a claim for indemnification against Krause" - - see paragraph 9; and (b) Ambrose is prohibited from instituting, or assisting any other in commencing any action against "any distributors, booksellers, retailers, auction houses, or other sources asserting any claim involving any work published by Krause or any other work derived therefrom" - - see paragraph 10. These provisions bar this action, and the "carve-out" language of paragraph 11 does not change this result, since the last part of paragraph 11 describes exactly the legal situation of this case. To hold otherwise would potentially permit Ambrose to receive double payment for the same alleged wrongful conduct which the Settlement Agreement properly bars.[4]

### F. Instant Action (07cv1348) - - Krause Motion for Summary Judgment

Likewise, Krause's Motion for Summary Judgment must be granted. This third party action is the exacted legal situation which the language of the Settlement Agreement precluded.

---

[4]To the extent that plaintiff attempts to bring in parol evidence in the form of prior communications between the parties regarding their positions on the meaning of paragraph 11, the Court finds no ambiguity in the terms of the Settlement Agreement, and therefore, the Court will not look beyond the four corners of the Agreement to create ambiguities where there are none. Further, the Court notes that paragraph 18 of the Settlement Agreement contains an integration clause which states that "This Settlement Agreement contains the entire agreement between the Parties hereto and there has been no promise, inducement, or agreement not herein expressed which has been made or entered into by the Parties." Because an integration clause is designed to illustrate that the parties' negotiations, conversations and agreements made prior to the execution are incorporated in the agreement, *HCB Contractors v. Liberty Place Hotel Assocs.*, 652 A.2d 1278, 1280 (Pa. 1995), the Court will decline plaintiff's invitation to vary the terms of the Settlement Agreement with other extraneous matters.

The Settlement Agreement specifically bars Ambrose from obtaining any judgment from TCA which might forseeably lead to an indemnification claim by TCA against Krause. See paragraph 11 ("Defendants shall not seek to collect from the Train Collectors Association or the Eastern Division – T.C.A. any judgment on such claims if collection of such judgment or part thereof might *foreseeably* lead to a claim for indemnification against Krause or its parent or affiliates and in settlement of any such claims") (emphasis added). This instant action would definitely (well beyond "might forseeably") lead to an indemnification claim, and did so lead to an indemnification claim.[5]

### G. Conclusion

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and applicable case law of the United States Court of Appeals for the Third Circuit, this Court find that the language of the Settlement Agreement manifested the objective intent of the parties and the language clearly and unambiguously bars this action. The Court will grant Defendants' Motion for Summary Judgment Relating to Krause Settlement Agreement (doc. no. 84) and will grant the Motion by Third Party Defendant Krause Publications for Partial Summary Judgment (doc. no. 82). The

---

[5]Ambrose says that he should be permitted to continue to litigate until he gets a judgment and only then the Settlement Agreement becomes applicable in that he cannot collect the judgment. In part, Ambrose alleges this result is due TCA because of TCA's "continual refusal to settle this action . . ." See doc. no. 91 at 2, second paragraph. Such an approach may provide some intellectual satisfaction, but it is not a wise use of judicial resources or attorney fees and expenses.

Court will enter judgment in favor of TCA and Krause and against Ambrose. An appropriate order follows.[6]

                                                SO ORDERED, this 13th day of May, 2008.

                                                s/ Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge

cc:      All Registered ECF Counsel and Parties

---

[6] Defendant's Motion to Strike Brief in Opposition (doc. no. 97) will be DENIED and Motion by Third Party Defendant Krause Publications, Inc. for Leave to File Counterclaim (doc. no. 105) will be DENIED as MOOT.