IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL V. AMBROSE,

    Plaintiff,

    v.

TRAIN COLLECTORS ASSOCIATION and
EASTERN DIVISION - T.C.A.,

    Defendants/Third Party Plaintiffs,

    v.

KRAUSE PUBLICATIONS and DAVID
DOYLE,

    Third Party Defendants.

07cv1248
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER DENYING THIRD PARTY DEFENDANTS' MOTION FOR ATTORNEY'S FEES (DOC. NO. 110)**

    Before this Court in this copyright infringement action is a motion for attorney's fees and expenses (doc. no. 110) filed by third party defendants, Krause Publications and David Doyle ("Krause"). This case has a lengthy and convoluted procedural history, which began with an earlier and related case before this Court (07cv0873), in which plaintiff Paul V. Ambrose ("Ambrose") brought suit against Paul Doyle (the author) and Krause Publications (the publisher) for publishing a catalog of Lionel toy train sets which allegedly infringed copyrighted materials previously written by plaintiff. On November 28, 2007, the parties entered into a Confidential Settlement Agreement and Mutual Release ("Settlement Agreement") in the underlying case. Despite the language of the Settlement Agreement, plaintiff then brought the instant suit against Train Collectors Association and Eastern Division T.C.A. ("TCA"), a distributor, who then

joined Krause and Doyle as third party defendants.

On May 13, 2008, this Court found that the language of the Settlement Agreement in the earlier and related case barred this second action, and entered summary judgment in favor of defendants, Krause and TCA, and against plaintiff Ambrose. Doc. No. 107. As part of the Memorandum Opinion and Order granting summary judgment (doc. no. 107 at 9 n.6), this Court denied as moot third party defendant Krause's motion for leave to file a counterclaim alleging a negligence claim and the breach of the duty of good faith and fair dealing contract against defendant TCA, for failing to "accept Ambrose's settlement offers or to request Krause reimburse TCA/ED in the amount of any offer or to tender to Krause the defense of the Ambrose claims directly and proximately caused Krause to incur fees and expenses in defending the Third Party Complaint (collectively, the "Krause Expenses")." Doc. No. 105-2.

Nonetheless, without any evidentiary record having been developed on Krause's state law claims against TCA and Bauer and no ruling on the underlying merits, if any, of the proposed counterclaim, Krause now attempts to collect attorney's fees and expenses in the amount of $211,379,67 (doc. no. 110) alleging that it was a prevailing party.

F. R. C. P. 54 (d)(2) states that a claim for attorney's fees must be made by a motion to be filed no later than 14 days after the entry of judgment. Here, the judgment was entered on May 13, 2008, and Krause's motion for attorney's fees and expenses was filed on May 27, 2008. Said motion would appear to be timely filed. However, as noted by both Ambrose and TCA, Krause's motion for attorney's fees is not the typical Rule 54 motion and instead requires the Court to make significant additional findings on issues that did not form the basis of this underlying action. Instead, Krause's motion for attorney's fees appears to be a repackaging of the

underlying counterclaim upon which this Court did not make a ruling on the merits.[1]

Accordingly, given that the notice of appeal was filed on the underlying action on May 20, 2008, and that this Court did not make a ruling on the merits of the underlying counterclaim, and, in fact, the counterclaim has never been litigated before this Court, this Court will defer its ruling on the instant motion until the appeal on the validity of the Confidential Settlement Agreement in the underlying copyright action is resolved by the United States Court of Appeals for the Third Circuit. Doc. No. 113. The motion by third party defendant Krause for attorney's fees and expenses (doc. no. 110) is therefore DENIED without prejudice, to be re-filed within ten (10) days of the issuance of the Mandate in said appeal.

SO ORDERED this 17th day of June, 2008.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[1] The Court DENIES defendants' motion for clarification of the Court's May 13, 2008 Order (doc. no. 121). Since third party defendants' counterclaims are admittedly based upon plaintiff successfully proving the allegations in his complaint (see ¶ 15 of third party complaint, doc. no. 40) which has not happened herein, the Court dismissed the third party counterclaims with prejudice.