IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL V. AMBROSE,

    Plaintiff,

v.

TRAIN COLLECTORS ASSOCIATION,
EASTERN DIVISION - T.C.A.,

    Defendant,

v.

KRAUSE PUBLICATIONS and DAVID
DOYLE,

    Third Party Defendants.

07cv1248
**ELECTRONICALLY FILED**

### Order of Court Granting Motion by Third Party Defendant Krause Publications, Inc. For Correction of the June 17, 2008 Memorandum Order Denying Third Party Defendant's Motion for Attorney's Fees (doc. no. 135)

Currently pending before this Court is the Motion by Third Party Defendant Krause Publications, Inc. For Correction of the June 17, 2008 Memorandum Order Denying Third Party Defendant's Motion for Attorney's Fees (doc. no. 135). The Court reiterates that the numerous filings to date have created a procedural morass, which quite frankly has been difficult to parse.

In the earlier and related case, plaintiff filed suit against Krause Publications and David Doyle, as the publisher, for copyright infringement (07cv873). After settling the earlier case before this Court for a significant sum, plaintiff then filed the instant suit alleging, *inter alia*, copyright infringement, against Train Collectors Association, Eastern Division - T.C.A. (TCA), the distributor of the alleged infringing materials (doc. no. 1). TCA then filed a counterclaim

against plaintiff seeking a declaratory judgment and asserting state law claims including fraud and misrepresentation and abuse of process (doc. no. 36). TCA also filed a third party complaint alleging state law claims, against Krause and Doyle, which cause of action was admittedly dependent upon plaintiff's successful litigation of the underlying complaint (see ¶ 15-16 of third party complaint doc. no. 40). Krause and Doyle, the publishers, then filed a motion for leave to file a counterclaim alleging additional state law claims against TCA (doc. no. 105).

After granting defendants' motion for summary judgment and ruling that the settlement agreement in the earlier case barred this action, this Court denied as moot Krause and Doyle's motion for leave to file a counterclaim (doc. nos. 107 and 108). TCA then filed a motion for clarification (doc. no. 121) seeking guidance on whether the third party complaint against Krause was still viable. Krause and Doyle then filed a motion for attorney's fees, which this Court denied without prejudice (doc. no. 133). In a footnote contained within the opinion on the motion for attorney's fees, the Court denied TCA's motion for clarification, and inadvertently referenced third party defendants' counterclaims only, although the Order meant to address TCA's third party complaint as well.

Accordingly, it is HEREBY ORDERED that the Motion of Third Party Defendant Krause Publications, Inc. For Correction of the June 17, 2008 Memorandum Order Denying Third Party Defendant's Motion for Attorney's Fees (doc. no. 135) is GRANTED. Upon further review, Footnote 1 of Doc. No. 133 shall be corrected and modified to read as follows:[1]

> The Court DENIES defendants' motion for clarification of the Court's May 13, 2008 Order (doc. no. 121). Since defendants' third party complaint against Krause Publications and David Doyle is admittedly based upon plaintiff successfully proving the allegations in his complaint (see ¶ 15 of third party complaint, doc. no. 40) which has not

---

[1] The Court will file an errata and file the amended/corrected version of Doc. No. 133 forthwith.

happened herein, the Court dismissed the third party complaint against Krause Publications and David Doyle *with prejudice*. The Court has also denied Krause Publications and David Doyle's motion for leave to file a counterclaim against third party plaintiffs *without prejudice* for said counterclaims to be filed in state court (see doc. no. 133 and proposed counterclaim at doc. no.105-2). Finally, the Court has dismissed the state law counterclaims (for fraud/misrepresentation/abuse of process) (see doc. no. 36) by defendant, Train Collectors Association and Eastern Division - T.C.A. against plaintiff, Paul Ambrose, *without prejudice* for said claims to be re-filed in state court. The Court will decline to exercise jurisdiction over any pendent state law claims.

SO ORDERED this 1st day of July, 2008.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties